No. 4.—IRVIN ASKEW *et al.* plaintiffs in error, *vs.* GREEN-
BERRY TAYLOR, defendant in error.

[1.] It is no ground for the granting of a new trial, that the verdict is accord-
ing to the weight of the evidence.

Ejectment and motion for a new trial, in Walker Superior
Court.    Decision by Judge TRIPPE, May Term, 1854.

The lessee of Irvin Askew and others, brought ejectment
against Greenberry Taylor, for a lot of land in Walker Coun-
ty.    The defendant relied on the Statute of Limitations.
The writ was filed in office 3d March, 1849.

Defendant proved by JAMES H. CLARKSON: That Jona-
than Davis, (under whom he claimed,) "about the last of
February or 1st March, 1842," went into possession of the lot.
Also, by JOHN MAHAN: That Davis went into possession "the
latter part of the winter or early in the spring of 1842."    Al-
so, by EMORY HANCOCK: That Stephen Caudle left possession
in the fall of 1841, and Davis went in "a short time thereaf-
ter."

Plaintiffs proved by ELIZABETH CAUDLE: That Jonathan
Davis moved upon the land "about the last of April, 1842."
Also, by CLEAVLAND CAUDLE: That Davis went into posses-
sion "in the year 1842, between the 1st and 15th of April."
Also, by RICHMOND CAUDLE: That Davis went in "between
1st and 15th April, 1842."

The Jury found a verdict for the plaintiffs; whereupon, the
Court, on motion, granted a new trial, on the ground that the
verdict was contrary to the weight of evidence.    This decis-
ion is assigned as error.

WRIGHT, for plaintiffs in error.

T. W. ALEXANDER, for defendant in error.

Askew *et al. vs.* Taylor.

*By the Court.*—BENNING, J. delivering the opinion..

[1.] The lot of land sued for in this case, was, it appears;, granted to Irvin Askew, one of the lessors of the plaintiff.

The plaintiff read in evidence the grant to Askew, and proved the possession to have been in Davis, and closed his case.

The defendant traced his title through several persons, and among them, Stephen Caudle, up to Henry Murry. But he showed no title from Askew, the drawer, to Henry Murry.

This being so, the Statute of Limitations, of necessity, became the sole thing on which the defendant could rely for his defence.

And the question, whether he had been in possession long enough to be within the protection of that Statute, was one on which the evidence was conflicting.

Clarkson, one of the defendant's witnesses, swore to what amounted to this: that the defendant had been in possession "about" seven years before the commencement of the suit. The defendant had two other witnesses on this point, but neither of them swore to as much as Clarkson did.

On the other hand, the plaintiff proved by three witnesses, positively and distinctly, that the possession of the defendant did not commence until a time which was within seven years before the commencement of the suit. And he had the testimony of a fourth witness, Benjamin W. Caudle, which was almost as strong as that of those three.

There was, then, as to this point, a decided preponderance in the evidence against the defendant.

And the verdict was against him. The verdict, therefore, so far from being "decidedly and strongly against the weight of evidence," was in accordance with the "weight" of evidence.

This being so, it was an error in the Court below to grant a new trial; for there is no rule of law which authorizes a Court to grant a new trial, because the Jury have rendered

a verdict according to the weight of the evidence.    The New Trial Act of 1854, does not go this length.